Next case is Sharif v. United States May it please the Court, Anjali Dalal on behalf of Mr. Abbas Sharif. The District Court erred in dismissing Mr. Sharif's very serious claims of abuse simply because he listed the names of the defendants in the conclusion instead of the caption of his amended complaint. The government offers no meaningful defense of the District Court's hyper-technical interpretation of Rule 10. Because a pro se plaintiff's claims aren't supposed to be thrown out on a technicality, especially when, as it is here, another opportunity to amend would have addressed the problem, this Court should reverse and remand the District Court's decision dismissing Mr. Sharif Viven's claims sua sponte. As an initial matter, however, Mr. Sharif complied with Rule 10a when he clearly identified the individual defendants he intended to sue in the body of his complaint. As I look at the amended complaint, and not just looking at the caption, of course, looking at the body, looking at the conclusion, there must be 50 bold-faced names. Is the intent that they are all defendants, named as defendants? Yes, Your Honor. Mr. Sharif is alleging claims against 49, or alleged in his conclusion, listed 49 individual defendants who had caused him or who he suffered serious abuse under. Some of them, there aren't any allegations included in the complaint at all, in the amended complaint at all? Your Honor, whether an individual is an intended defendant is an entirely different question from whether or not there have been adequate- In terms of notice, you know, one of the purposes of the complaint is to give notice, but if it names, you know, 50 odd individuals and doesn't specify what some of them do, some of them, there are allegations, I mean, is that sufficient notice? Your Honor, if there is a problem, if there is a Rule 8 problem, that is not the basis for the District Court's decision here. I understand that, but we can affirm on any basis that has support in the record. If we do look, you know, I agree that limiting it just to the caption might have been a problem, but if we do look at the entire pleading, does it adequately identify the defendants and what it is that they allegedly did? I think it adequately identifies the individual defendants. There are, of the 29 individual defendants from his time at BFDF, whose dismissal we are appealing today, there were only five against whom there are no allegations, no specific allegations pled in the body, in the recitation of the facts. Because Mr. Sharif attempted, you know, in good faith to comply with the Rule 8 element of the District Court's order, we think that Mr. Sharif should at least have another opportunity to amend as to those five defendants. Mr. Sharif never indeed asked for an opportunity to amend though, correct? That is correct, Your Honor, but he was also not, there was no place for him to ask for leave to amend. His case was dismissed sua sponte, an IFP review. It wasn't the traditional motion to dismiss posture where, you know, the defendant will offer a motion to dismiss and then the plaintiff can either respond or seek leave to amend based on the concerns identified in the opposition's briefing. What about, I know you argue that it's an issue that should be sent back to the trial court to consider, but there does seem to be a timing issue, a timeliness issue. Mr. Sharif was last detained in August of 2006, so the statute of limitations against the individuals would be three years? That's correct, Your Honor. Mr. Sharif— And the complaint is not filed until, or submitted to the Pro Se office until more than three years later? That's correct, Your Honor. However, he has alleged facts that support equitable tolling in this instance. He has alleged facts demonstrating that he was suffering severe medical issues. He was, his Medicaid was shut off after six months. He didn't have an opportunity, he did not obtain medical treatment for nine months. He was homeless at various times. His medical condition was serious and grave enough that it merits at least a consideration for equitable tolling. And how long would that period be, approximately, that he needs to have equitably tolled in order for this cause of action or the causes of action to survive? I think it would be, he had suffered severe health issues and, you know, as he has adjusted to being outside of detention and settling in here in New York City, it, he is now sort of, it merits tolling his statute of limitations until the time he filed his complaint. Okay. And just what, assume it's a three-year period, what period, I just, I don't recall when it was filed, so how long would that be? Sorry, one moment. So it was filed in or submitted to the pro se office in December of 2009. It didn't get technically filed for a couple of months, but I think we would treat it as being filed December 10th or 11th of 2009. I think it would be at the time of his, at the time he was released from detention is the time it should be. But you'd also would have to, would you, would you have to do an individual analysis? I mean, some of the defendants had no contact, you know, even earlier, since even earlier, because he was detained initially in 2005 through 2006. Then he was out for a while, then he was detained again. I mean, would one have to engage in that individual analysis? Because the, it would be a three-year, it's a three-year statute of limitations. If we start the clock at when he was, or if we . . . You might have to start the clock at different times. For different defendants. For different defendants. That might be, yes, that might be the case. You're saying that's something the trial judge should do? Yes, I do. And that he did not have an opportunity to do, given the disposition. Correct. If, I might, I just want to also add that at minimum, to the extent that there's any has identified adequately who the intended defendants are, at minimum, a opportunity to amend his complaint is warranted in this circumstance. Thank you. Thank you. And you've reserved three minutes for rebuttal. Ms. Dallal. May it please the Court, Your Honors. Catherine Dorsey on behalf of Appley, the United States. The district court here properly dismissed the Bivens claims for plaintiff's failure to identify either in the individual defendant, either in the caption of the case, or in the body, or otherwise in the complaint. The district court . . . Did the district court rely solely on the absence of the names in the caption? No, he did not, Your Honor. It's clear the district court also looked at the body of the complaint, including the section entitled parties, the prayer for relief, and the body in the conclusion. And the district court concluded that looking at all those pieces, he couldn't identify, he couldn't determine the plaintiff's intent of exactly which individuals, if any, he intended to sue. And the court gave the plaintiff here a chance to amend and gave specific instructions about what he needed to do at a minimum in amending that complaint, which included naming the individuals in the caption or otherwise . . . and identifying them in the body of the complaint. And the district court also warned that there would be . . . those claims would be dismissed if the plaintiff failed to follow the instructions of the district court's order. The district court also here noted that amendment likely would have been had run. Plaintiff here was released from the detention facility, the Buffalo detention facility in 2006. What about the equitable tolling argument? The district court specifically asked plaintiff that in amending his complaint that because it looked like the statute of limitations had run, he should include in his amended complaint arguments about equitable tolling. The plaintiff also failed to include any arguments about equitable tolling or why his claims were timely in the amended complaint. He was unrepresented. That's correct, Your Honor. And he had sought assignment of counsel, which the district court denied. He had. But there was . . . he was not in detention at the time he filed his complaint. He could have sought . . . Counsel. Counsel. But there are . . . there are allegations in the amended complaint about his medical condition. I mean, so liberally construing the complaint could not . . . those allegations support equitable tolling? I don't think there was enough there, Your Honor, even liberally construed, especially on top of the fact that, as the district court pointed out, he did not clearly identify in the complaint who he was even intending to sue. So between the two of those things, it was perfectly reasonable here, and certainly not an abuse of discretion or an error of the law, for the district court to deny yet a second opportunity to amend the complaint. As to the FTCA claims, we think that the district court properly dismissed those. A motions panel of this court already summarily dismissed them, and plaintiff has pointed to no reason to revisit that decision. The court has no further questions. We would ask the court to affirm the judgment below. Thank you, Ms. Darcy. Ms. Dallal. Your Honor, just a few points of clarification. Though the district court did indicate in its order that it was . . . it did discuss the party section, it made very clear on page . . . on A-154 of the appendix, it says, according . . . the district court said, accordingly, to the extent that plaintiff seeks to bring Bivens claims against individual custody officers and other BFDF officials, such claims must be dismissed in light of his failure to name those individuals as defendants in the caption of the amended complaint. And so, regardless of his discussion of . . . of the body of the complaint, the district court dismissed entirely because Mr. Sharif failed to list those . . . those individual defendants' names in the caption. The district court did give Mr. Sharif one opportunity to amend, and it also provided some guidance. Yes, Your Honor. And Mr. Sharif did substantively comply with Rule 10. He did identify the individual defendants he wished to sue. He just didn't do . . . he just didn't comply with the . . . Why is this an abuse of discretion? I mean, in other words, reasonable judges could differ in how they . . . they . . . they handle this, but . . . but why was it an abuse, given the circumstance that there was one opportunity to amend, there was some guidance provided by the district court, and then the amended complaint comes in, and . . . and it . . . it still is deficient. So, why is that an abuse, not to allow another amendment? Your Honor, it's reversible error because in circumstances like this one, when a pro se plaintiff is operating in good faith, is stating cognizable constitutional claims, has not demonstrated repeated failures to cure a deficiency, and it's clear that giving the plaintiff another opportunity to amend will cure the remaining defects. It's . . . the district court is obliged to do something short of dismissal in that circumstance.  Thank you, Your Honor. Let me ask you a question. Yes. You're appearing here pro bono on behalf of Mr. Sharif? I am. At the request of the court? Yes. And we all, and I'll speak for the whole court, and I think I can do that, thank you and all pro bono counsel for the service that you provide us. Absolutely. Thank you for having me. And maybe use this as an opportunity to remind all counsel in the room that we as attorneys have that obligation. So, we thank you, Ms. Dallal, for carrying that out today. Thank you. We will hear the next case. We'll take this one under advisement. All right.